UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

                -against-

GEORGE SIEMBIDA,

                        Defendant.
-----------------------------------------------------------x

05 CR 366 (PKC)

MEMORANDUM AND ORDER

P. KEVIN CASTEL, U.S.D.J.

        Defendant George Siembida moves to dismiss the indictment with prejudice for violation of the Speedy Trial Act. 18 U.S.C. §§ 3161-74. Specifically, defendant argues that the indictment or information was not filed against him within 30 days of his arrest and no exception in section 3161(h) excuses the government's failure to do so. The government does not dispute that the Speedy Trial Act was violated but asserts that a dismissal without prejudice is the proper remedy.

        For the reasons set forth herein, the indictment is dismissed without prejudice as to defendant Siembida.

Background

        On October 15, 2004, a warrant for the arrest of defendant was issued by a magistrate judge, based upon a sworn sealed complaint of a special agent of the FBI. The sworn sealed complaint set forth facts supporting the special agent's conclusion that Siembida had used the telephone, fax and email to induce an undercover agent to pay fees for financial guarantee bonds that Siembida never planned to deliver which assertedly constituted a violation of 18 U.S.C. § 1343 (wire fraud). Defendant Siembeda was arrested on October 27,

2004 at approximately 11:15 a.m. The defendant executed waivers of speedy presentment and appeared before a magistrate judge on November 9, 2004 for presentment and setting of bail. (11/9/04 Tr. at 2) With the government's consent, he was released on his own recognizance with travel limited to the continental United States. (Id. at 4-5)

>At the hearing, the magistrate judge inquired as follows:
>
>THE COURT: What date would you like for a preliminary hearing date?
>[DEFENSE COUNSEL]: We'll waive until the thirtieth day, Your Honor.
>THE COURT: What would be the thirtieth day, given the agreements to waive speedy trial time?
>(Counsel confer.)
>[A.U.S.A.]: December 9th, Your Honor.
>THE COURT: December 9 will be the preliminary hearing date.

(Id. at 5-6)

Thereafter on December 6, 2004, the government filed an affirmation seeking a continuance of the preliminary hearing date to permit the parties to engage in further discussions towards a possible disposition. The affirmation advised the magistrate judge that the government "initially had until November 29, 2004 within which to file an indictment or information" and acknowledged that the parties "did not resolve this matter before the November 29th deadline under the Speedy Trial Act." (Gollwitzer Affirmation ¶¶ 3-4) The affirmation further reported that defense counsel consented in writing to the request for a continuance and that his client would have consented to this request if it had been made on or before November 29, 2004. (Id. ¶ 5) The affirmation further recited that authorization to make the application for a continuance had been given by the "Chief of the General Crimes Unit, Criminal Division." (Id.) The presiding magistrate judge granted the continuance and

found "that the defendant, through counsel, has consented that such a continuance may be granted for that purpose and has specifically waived his right to be charged in an indictment or information until December 29, 2004." (12/09/04 Order of Continuance) On December 29, 2004, the government sought and obtained a further continuance to January 28, 2005. On January 28, 2005, the government sought and obtained a continuance to February 28, 2005 and on February 28, 2005 it sought and obtained a continuance to March 30, 2005. On March 30, 2005, the government sought and obtained an eight day continuance to April 7, 2005. On April 7, 2005, the defendant appeared before me, waived indictment and was arraigned on an information. Two superseding indictments have since been filed.

After his arrest, defendant began cooperating with the government. Between November 23, 2004 and June 15, 2005, he attended six proffer sessions. In September 2005, he attempted to plead guilty pursuant to a cooperation agreement. For reasons that are not material to the instant motion, the plea was not accepted.

Section 3161(b) provides that, subject to an inapplicable exception, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The statute permits an exclusion of time in the interests of justice provided the proper finding is made by the judge:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case,

>either orally or in writing, its reasons for finding that the ends of
>justice served by the granting of such continuance outweigh the
>best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

In this case, there was a period of ten days, from November 29, 2004 to December 9, 2004, during which there was no exclusion of time under the Speedy Trial Act. Retroactive exclusions and continuances are generally ineffectual. See United States v. Kelly, 45 F.3d 45, 47 (2d Cir. 1995); United States v. Tunnessen, 763 F.2d 74, 77 (2d Cir. 1985). The Speedy Trial Act was violated in this case.

The statutory remedy for the government's failure to file an indictment or information during the statutory period is that "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The government concedes that the indictment should be dismissed as to Siembida. The parties vehemently disagree as to whether the dismissal should be with or without prejudice.

The statute provides that the following factors are to be considered by courts deciding whether the dismissal is with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. Prejudice to defendant is also a relevant consideration. See United States v. Caparella, 716 F.2d 976, 980 (2d Cir. 1983).

The Seriousness of the Offense

The latest iteration of the charging document, the third superseding indictment ("S3 Indictment"), alleges that defendant and others attempted to fraudulently obtain millions of dollars from victim clients (S3 Indictment ¶ 7) and charges defendant with two counts of

wire fraud and one count of conspiracy to commit wire fraud. (Id. ¶¶ 33-34, 37-40) The defendants are purported to have offered "bogus" financial guarantee bonds and to have falsely told victims that monies were being held in an escrow account when, in fact, they had been misappropriated to defendants' own use. (Id. at ¶ 13) Each of the three counts alleged against this defendant carries a maximum sentence of 20 years imprisonment and a maximum fine of $250,000 or twice the gain or loss from the offense. The S3 Indictment seeks forfeiture of $3,505,518.70, the purported proceeds of the offenses. (Id. at ¶ 43.) The offenses alleged are serious because they undermine faith in legitimate transactions which result in capital formation. Further, the crimes stood to deprive victims of large sums of money. This is far more serious than the mail thefts which resulted in dismissals with prejudice. See Caparella, 716 F. 2d at 977 (theft of a ring by a postal employee); United States v. Jervey, 630 F. Supp. 695, 696 (S.D.N.Y. 1986) (four counts of stealing checks from mail).

The Facts and Circumstances of the Case Which Led to the Dismissal

I have reviewed the facts and circumstances on which the violation of the Speedy Trial Act is based. The period of the violation was relatively brief, approximately ten days. The government made no attempt to conceal the true facts. Indeed, no complaint was ever voiced by defendant until years later by defendant's third counsel in the case.

Prejudice to the Defendant

I have considered whether there was any prejudice to defendant by the delay. Defendant had been in the process of endeavoring to cooperate with the government. His actions at the time of the Speedy Trial Act violation demonstrated a desire to take as much time as was necessary to persuade the government that he was a good candidate for a plea agreement that provided for cooperation. Any harm the defendant may have suffered from the

violation was not significant.

The Impact of a Reprosecution on the Administration of the
Speedy Trial Act and on the Administration of Justice

Defendant has suggested that there is a widespread flouting of the Speedy Trial Act by the government in this District. The isolated occurrences cited by defense counsel, including nine and ten-year-old criticisms of speedy trial exclusion practices, do little to prove the point or justify the relief sought. An inability to bring defendant to trial on these serious charges would negatively impact the administration of justice.

Conclusion

The pending indictment is dismissed without prejudice as to defendant George Siembida.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 3, 2007